56

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 2 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ERNESTO PENA, JR., | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO. B-98-001 |
| | * | |
| THE HOUSING AUTHORITY OF THE | * | |
| CITY OF BROWNSVILLE, TEXAS, | * | |
| ET. AL., | * | |
| Defendants | * | |

## JUDGMENT

The Motion of Defendants Housing Authority of the City of Brownsville, Texas; Patrick Lehmann; and Sam Fruia for dismissal has come before the Court. After considering the submissions of the parties, the Court is of the opinion that the motion is well taken and should be granted

The Court finds and concludes:

1. Plaintiff fails to state a claim upon which relief can be granted under 42 USC §§ 1985 and 1986 because "whistleblowers" are not a class of persons protected by those statutes.

2. Plaintiff fails to state a claim upon which relief can be granted under 42 USC § 1987 and 1988 because neither statute provides a private civil cause of action.

3. There are no general issues of material fact and defendants Housing Authority of the City of Brownsville, Texas; Patrick Lehmann; and Sam

Fruia are entitled to judgment as a matter of law on plaintiff's 42 USC 1983 and 1985 (free speech) claims because plaintiff never made any protected speech.

4.  There is no genuine issue of any material fact and defendant Housing Authority of the City of Brownsville, Texas is entitled to judgment as a matter of law on plaintiff's claim under Tx.Gov't. Code § 554.001, *et. seq.* ("Texas Whistleblower's Act") because plaintiff made no report to any appropriate law enforcement official and because plaintiff filed his lawsuit after the expiration of the statute of limitations.

5.  Plaintiff fails to state a claim upon which relief can be granted under the Texas Whistleblower's Act against the defendants Lehmann and Fruia because there is no such cause of action against individual supervisors.

6.  Plaintiff fails to state a claim upon which relief can be granted under the following authorities cited in his amended complaint as bases for jurisdiction:

   a. Texas Open Meetings Act, Tx. Gov't. Code Chapter 551 because there is no private right of action for money damages;

   b. Brownsville City Charter and Ordinances; Housing Authority Rules, Regulations, and By-Laws because there is no evidence that any were violated or that they provide a private right of action for money damages;

   c. 1996 Housing Opportunities Act [sic], 12 USC 1701, *et. seq.* because there is no private right of action for money damages under that statute; and

   d. <u>Franklin v. Gwinnet Public Schools</u>, 503 US 60 (1992) because plaintiff does not allege sex discrimination in a federally funded educational program.

It is therefore ORDERED, ADJUDGED and DECREED that judgment be and hereby is entered that plaintiff Ernesto Peña, Jr. take nothing on his suit against defendants Housing Authority of the City of Brownsville, Texas; Patrick Lehmann; and Sam Fruia. All costs are taxed against plaintiff Ernesto Peña, Jr.

Signed this _18_ day of _FEBRUARY_ ~~1999~~ 2000.

_____
United States Magistrate Judge

JUDGMENT - PAGE 3